COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:        In the Interest of K.L.W., A Child

Appellate case number:    01-18-00485-CV

Trial court case number:   2017-02559J

Trial court:                      314th District Court of Harris County

On March 28, 2019, appellants Brandy Brenay Charles and Ronald Dwayne Whitfield filed a pro se letter-motion entitled, "Notices of and Motions for: (1) Transfer to Second Through and to Fourteenth Courts of Appeals of Texas" and "(2) For Both Stay and Recall of Mandates Based on Fraud Upon the Courts" in this case and a prior criminal case, 01-92-00617-CR. After the Clerk of this Court forwarded appellants' motion to transfer this case on April 2, 2019, to the Texas Supreme Court, that motion was denied on April 3, 2019. *See* Misc. Docket No. 19-9025 (Tex. Apr. 3, 2019). Thus, the motion to transfer is **denied**.

Then on April 1 and 5, 2019, appellants also filed pro se letter-motions for stay and recall of criminal and civil mandates in this case, in the related 01-18-00311-CV case, and in 01-92-00617-CR.[1] With respect to this case, this Court's judgment was issued on December 5, 2018, appellants' motions for rehearing/en banc reconsideration were denied on December 20, 2018, their petitions for review were denied on February 15, 2019, and their motions for rehearing were denied by the Texas Supreme Court on March 22, 2019.

Under Rule 18.2, "[a] party may move to stay issuance of the mandate pending the United States Supreme Court's disposition of a petition for writ of certiorari" if this Court "finds that the grounds are substantial and that the petitioner or others would incur serious

---

[1]     With respect to appellant Whitfield's letter-motions to recall his criminal mandate submitted on March 28, April 1 and 5, 2019, in 01-92-00617-CR, those motions were marked as received, but not filed, by the Clerk of this Court pursuant to this Court's 2015 Order. *See Whitfield v. State*, No. 01-92-00617-CR (Tex. App.—Houston [1st Dist.] Order on Mot. for En Banc Reconsideration, Aug. 25, 2015) (stating that no further motions will be filed in that case absent an order from the Court of Criminal Appeals).

hardship from the mandate's issuance if the United States Supreme Court were later to reverse the judgment." TEX. R. APP. P. 18.2. However, appellants' motions for "Both Stay and Recall of Mandates Based on Fraud Upon the Courts" and letter-motion for a "More Definite Statement as to: (1) Both "Stay" and "Recall" of Criminal and Civil Mandates, Both as "Void" [] and Without Notice" fail to assert "substantial" grounds for staying the mandate, such as by alleging a "substantial federal question for consideration" in their petition for writ of certiorari and that they will incur "serious hardship" if this Court issues its mandate and the U.S. Supreme Court later reverses the judgment. *See, e.g.*, *McIntosh v. Texas State Bd. of Dental Examiners*, No. 07-12-00196-CV, 2014 WL 4656628, at *1 (Tex. App.—Amarillo Sept. 17, 2014, Order) (per curiam) (granting motion to stay mandate because pending cert. petition "presented a substantial federal question"), *cert. denied*, 135 S. Ct. 722 (U.S. Dec. 1, 2014).

Accordingly, appellants' March 28, April 1 and 5, 2019 letter-motions to transfer and for stay and recall of criminal and civil mandates are **denied**. The Court **directs** the Clerk of this Court to issue the mandate immediately with this Order. *See* TEX. R. APP. P. 18.1(a)(2).

It is so ORDERED.

Judge's signature: _____/s/ Laura C. Higley_____

                      x  Acting individually ☐  Acting for the Panel

Date: __April 9, 2019___